IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-37-D

ADAM L. PERRY, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
WILLIAM EARL BRITT, )
)
        Defendant. )

On September 3, 2015, Adam L. Perry ("Perry" or "plaintiff"), proceeding pro se, filed this action in Perquimans County Superior Court [D.E. 1-1]. On September 28, 2015, the United States removed the action to this court [D.E. 1]. On October 1, 2015, the United States moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [D.E. 5]. On October 8, 2015, Perry responded in opposition and moved to strike the motion [D.E. 8–9].[1] On February 1, 2016, the court stayed discovery [D.E. 12], and on February 8, 2016, Perry moved to lift the stay [D.E. 13]. As explained below, the court grants the motion to dismiss and denies plaintiff's motions.

On March 5, 2013, Perry filed an action against several defendants in Perquimans County Superior Court. Compl. [D.E. 1-1] 3. "Entertainment One, as the only defendant purportedly served with process, removed the action to [federal] court on 3 April 2013," Perry v. Lench Mob Records, No. 2:13-CV-00022-BR, 2014 WL 1631823, at *1 (E.D.N.C. Apr. 23, 2014) (unpublished), and the case was assigned to Senior United States District Judge William Earl Britt. See Compl. 6. On

---

[1] The court has reviewed the motion to strike under the governing standard and declines to strike the filing. Fed. R. Civ. P. 12(f); see, e.g., Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Hill v. Robeson Cty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010).

April 23, 2014, Judge Britt granted Entertainment One's motion for summary judgment, denied Perry's motions to remand, for default, and to amend his complaint, and dismissed the case. Perry, 2014 WL 1631823 at *3; see Compl. 5–11. Perry appealed. On September 29, 2014, the Fourth Circuit affirmed. Perry v. Entm't One, 583 F. App'x 293, 294 (4th Cir. 2014) (per curiam) (unpublished). On April 20, 2015, the United States Supreme Court denied certiorari. Perry v. Entm't One, 135 S. Ct. 1847 (2015). On June 22, 2015, the Supreme Court denied Perry's petition for rehearing. Perry v. Entm't One, 135 S. Ct. 2882 (2015).

Still dissatisfied, Perry filed this action against Judge Britt "in his official capacity." Compl. 3. Perry describes this action as "a civil rights action challenging the constitutionality of the north carolina federal rules of civil procedures and the federal laws and statutes which govern" the prior action. Id. Perry alleges that in dismissing his case, Judge Britt "ignored plaintiff pleadings of numerous federal law violations and north carolina civil procedure violations done by" the defendants to that action and "prejudiced profiled" his pleadings based on a "friendship judge william earl britt shares with" an attorney for defendants which "tainted and hampered the effectiveness of judge william earl britt in his official capacity to administer" the action. Id. 6–7. Perry seeks a "declaratory judgment holding that all these[] violations against federal law, the united states constitution, north carolina federal and state laws and north carolina constitution is unjust and unfair legality," along with "all relief adam seeked [sic] in initial complaint filed march 5th 2013[,] . . . . [and a] declaratory judgment saying and stating that all entertainment one pleadings is striked [sic] and dismissed for insufficient defenses and scandalous defenses." Id. 16–17.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan

2

River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Because Perry asserts that this court has subject-matter jurisdiction, he must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79.

The United States argues that the doctrine of sovereign immunity bars Perry's claims against Judge Britt in his official capacity. The United States is immune from all suits against it absent an express waiver of immunity. See, e.g., United States v. Sherwood, 312 U.S. 584, 586 (1941). "The judiciary . . . forms one branch of the United States government . . . and therefore is protected by the sovereign immunity accorded the United States." Smith v. Krieger, 389 F. App'x 789, 795 (10th

3

Cir. 2010) (unpublished). A plaintiff must identify some statutory waiver of the federal government's sovereign immunity in order to maintain suit, see, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996), because the federal government's potential immunity affects a court's exercise of jurisdiction. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Waivers are strictly construed in favor of the sovereign. Lane, 518 U.S. at 192. Thus, plaintiff must show an unequivocal waiver of sovereign immunity. Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005). If plaintiff fails to meet this burden, the court must dismiss the claim. See, e.g., id.; Medina, 259 F.3d at 223.

Perry fails to identify any statutory waiver of the government's sovereign immunity. See, e.g., FDIC v. Meyer, 510 U.S. 471, 484–85 (1994); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (holding that 28 U.S.C. § 1331 is not a general waiver of sovereign immunity but "merely establishes a subject matter that is within the competence of federal courts to entertain") (quotation omitted); Stone v. Holder, 859 F. Supp. 2d 48, 52 (D.D.C. 2012) (finding no waiver of sovereign immunity under either 28 U.S.C. § 1331 or 28 U.S.C. § 2201); Burns Ranches, Inc. v. U.S. Dep't of the Interior, 851 F. Supp. 2d 1267, 1270–71 (D. Or. 2011) ("Plaintiff has not cited a single case reading a waiver of sovereign immunity into § 2201 and I agree with the courts that have rejected plaintiff's argument." (collecting numerous cases)).[2]

Alternatively, Judge Britt is absolutely immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts

---

[2] To the extent Perry identifies 42 U.S.C. § 1983 as providing the legal source for his constitutional claims, see Compl. 4–5, 11, Judge Britt is a federal government official. Thus, Perry must proceed—if at all—under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390–97 (1971). See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009); Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006); Carlson v. Green, 446 U.S. 14, 18 (1980).

4

committed within their judicial jurisdiction . . . ." Pierson v. Ray, 386 U.S. 547, 553–54 (1967); see Stump v. Sparkman, 435 U.S. 349, 355–56 (1978). Perry's allegations of judicial bias do not alter this conclusion. See, e.g., Liteky v. United States, 510 U.S. 540, 551–52, 555 (1994); Imbler v. Pachtman, 424 U.S. 409, 419 (1976); Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003); Johnson v. Britt, No. 3:13-CV-568-RJC-DSC, 2013 WL 5964514, at *4 (W.D.N.C. Nov. 8, 2013) (unpublished). Moreover, that Perry seeks declaratory relief rather than monetary damages does not save his complaint: "Federal judges enjoy absolute immunity from Bivens actions seeking declaratory and injunctive relief." Stephens v. Herring, 827 F. Supp. 359, 365 (E.D. Va. 1993), aff'd, 69 F.3d 533 (4th Cir. 1995) (per curiam) (unpublished table decision); see Clay v. Osteen, No. 1:10CV399, 2010 WL 4116882, at *4 (M.D.N.C. Oct. 19, 2010) (unpublished); Bryson v. Mullen, No. 1:02CV251V02, 2002 WL 32397077, at *2 (W.D.N.C. Nov. 22, 2002) (unpublished), aff'd sub nom. Bryson v. Johnston, 71 F. App'x 223 (4th Cir. 2003) (per curiam) (unpublished), cert. denied, 541 U.S. 951 (2004).

Perry argues that Judge Britt acted in clear absence of all jurisdiction by dismissing his complaint when it was not properly removed from state court. Pl.'s Resp. Opp'n Mot. Dismiss 2. Perry's argument fails. "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362 (emphases omitted); see King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992); Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Clay, 2010 WL 4116882, at *4 ("Plaintiffs' contention that such acts were non-judicial is simply frivolous.").

In sum, the court GRANTS the motion to dismiss [D.E. 5] and DISMISSES this action for

5

lack of subject-matter jurisdiction or, alternatively, for failure to state a claim. The court DENIES plaintiff's motion to strike [D.E. 8] and DENIES AS MOOT the remaining motion [D.E. 13]. The clerk shall close the case.

SO ORDERED. This _2_ day of June 2016.

                                            JAMES C. DEVER III
                                            Chief United States District Judge