IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-37-D

| | | |
|---|---|---|
| ADAM L. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM EARL BRITT, | ) | |
| | ) | |
| Defendant. | ) | |

On September 3, 2015, Adam L. Perry ("Perry" or "plaintiff"), proceeding pro se, filed this action in Perquimans County Superior Court [D.E. 1-1]. On September 28, 2015, the United States removed the action to this court [D.E. 1]. On June 3, 2016, the court granted the United States's motion to dismiss and denied several motions by plaintiff [D.E. 14] and the clerk entered judgment [D.E. 15]. On June 13, 2016 Perry filed a motion for reconsideration [D.E. 16]. On July 5, 2016, the United States responded in opposition [D.E. 17], and Perry filed a notice of appeal [D.E. 19].

Ordinarily, "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978); see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam); Haefner v. Cty. of Lancaster, 116 F.3d 1473 (4th Cir. 1997) (per curiam) (unpublished table decision). However, a notice of appeal filed after judgment is entered but before the court rules on a motion for reconsideration "becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(I); see Wheeler v. Accrediting Council for Continuing Educ. & Training, 70 F.3d 114 (4th Cir. 1995) (per curiam) (unpublished table decision). Thus, the court considers Perry's motion.

Perry requests relief under Rule 60(b) of the Federal Rules of Civil Procedure. [D.E. 16] 1, 3. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . misrepresentation, or misconduct by an opposing party . . . [or] fraud[,] . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (3), (6). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Perry has failed to establish a meritorious claim or defense. Thus, Perry fails to meet Rule 60(b)'s threshold requirements.

Alternatively, Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 650 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at [an earlier stage]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Perry has not cited any recent change in controlling law

2

or any newly discovered evidence. Moreover, he has not properly cited any clear error in this court's June 3, 2016 order. Thus, his motion fails.

In sum, the court DENIES Perry's motion for reconsideration [D.E. 16].

SO ORDERED. This **27** day of October 2016.

*Jam Dever*
JAMES C. DEVER III
Chief United States District Judge